IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM DENNIS GOODWIN, )<br>LINDA LEE GOODWIN,       )<br>          Plaintiffs,          )<br>                                        )<br>     v.                              )<br>                                        )<br>UNITED STATES,               )<br>                                        )<br>          Defendant.          ) | Case No. 1:06CV01771 |

## UNITED STATES' MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(1) and (6), the United States respectfully requests that the Court dismiss this action. As grounds for this motion, the United States asserts that this Court lacks subject-matter jurisdiction over plaintiffs' unauthorized collection claim, and the Anti-Injunction Act bars the injunctive relief plaintiffs seek.

Specifically, plaintiffs have failed to state a claim for damages. Plaintiffs have not alleged sufficient facts to demonstrate that they are entitled to any relief. Moreover, they have failed to demonstrate that they filed an administrative claim for damages, which is required before the United States' sovereign immunity is waived. See 26 U.S.C. § 7433(a); McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004). In addition it appears that plaintiffs seek to enjoin the Internal Revenue Service from engaging in any further collection activity. (Compl., Remedy Sought ¶ 4). Under 26 U.S.C. § 7421(a), no suit may be maintained restraining the assessment and collection taxes. Thus, this Court may not grant injunctive relief.

A supporting memorandum of law and proposed order are filed with this

motion.1/

DATED: March 15, 2007

                                      Respectfully submitted,

                                      /s/ Beatriz T. Saiz
                                      BEATRIZ T. SAIZ
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 227
                                      Ben Franklin Station
                                      Washington, DC 20044
                                      Phone/Fax: (202) 307-6585/514-6866
                                      Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

---

     1/ The allegations of Plaintiffs' complaint are substantially similar to more than 100 complaints filed recently in this district.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM DENNIS GOODWIN,  )<br>LINDA LEE GOODWIN,            )<br>         Plaintiffs,                 )<br>                                            )<br>    v.                                      )<br>                                            )<br>UNITED STATES,                  )<br>                                            )<br>         Defendant.              ) | Case No. 1:06CV01771 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF UNITED STATES' MOTION TO DISMISS**

The relief plaintiffs request in their complaint is an order for unspecified damages for alleged violations of 26 U.S.C. § 7433 (Comp., Remedy Sought ¶¶ 1, 2, 3) and an order enjoining the Internal Revenue Service from engaging in further collection activity (Comp., Remedy Sought ¶4).  The Court can not grant the requested relief.

<u>This Court Lacks Subject-Matter Jurisdiction over Damages Claim</u>

Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Comp., Remedy Sought ¶¶ 1, 2, 3).  This Court does not have jurisdiction over plaintiffs' section 7433 claim because they have failed to demonstrate that they filed an administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  <u>McGuirl v. United States</u>, 360 F. Supp.2d 125, 128 (D.D.C. 2004) (citing <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 182-83 (1936); <u>West v. F.A.A.</u>, 830 F.2d 1044, 1046 (9th Cir. 1987).  Section 7433 of the Internal Revenue Code (26

U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over the plaintiffs' claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. See 26 C.F.R. § 301.7433-1(e). The regulations provide that

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayers must send a written administrative claim for damages to the area director in the district in which the taxpayers live and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayers; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayers. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this

regulation deprives a court of jurisdiction. See McGuirl v. United States, 360 F. Supp.2d 125, 128 (D.D.C. 2004); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992).2/

Here, plaintiffs have not alleged that they filed a written claim with the area director which complies with the requirements of the regulations. Plaintiffs should have sent their administrative claim to the area director to the attention of the

---

2/ The United States is aware that the court in Turner v. United States, 429 F. Supp.2d 149 (D.D.C. 2006) dismissed a similar complaint for failure to state a claim. For the reasons stated above, the United States continues to assert that the exhaustion requirement is jurisdictional. Specifically, the decision in Turner relied upon Arbaugh v. Y & H Corp., 126 S.Ct. 1235 (2006), in which the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in Arbaugh could claim the benefit of the sovereign's long-recognized general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction.

One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." Simply put, Arbaugh did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. Arbaugh did not overrule Nakshian, because the two cases deal with entirely different statutory schemes of relief. Therefore, this Court should follow Glass, McGuirl, and the several appellate decisions from other circuits that have properly concluded that section 7433's exhaustion requirement is an element of the United States' waiver of sovereign immunity, and thus an aspect of subject matter jurisdiction. In sum, the Turner decision, while it reached the correct result, failed to preserve the difference between administrative schemes involving private parties, and those that involve suits against the sovereign United States. Accordingly, the United States asks for dismissal on jurisdictional grounds.

compliance technical support manager as required by 26 C.F.R. § 301.7433-1(e). Because plaintiffs have not met their burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over their section 7433 claim, and the Court should dismiss the complaint.

<u>Plaintiffs Have Failed to State a Damages Claim</u>

Plaintiffs' complaint is legally insufficient and should be dismissed under Fed. R. Civ. P. 12(b)(6). Plaintiffs purport to state a claim for damages under 26 U.S.C. § 7433, and seek unspecified damages (Comp., Remedy Sought ¶¶ 1, 2, 3). Plaintiffs' complaint is legally insufficient, and should be dismissed under Fed. R. Civ. P. 12(b)(6). Section 7433 permits a taxpayer to bring a civil action for damages against the government "[i]f, in connection with the collection of federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the [Internal Revenue Code] or any regulation promulgated" thereunder. 26 U.S.C. § 7433. Under Rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). But, here, there are no facts in the plaintiffs' complaint to support a claim for damages, and thus, this Court should conclude that he has not in fact stated such a claim. For example, plaintiffs do not describe the injuries they allegedly incurred. In fact, no facts are alleged which establish that "any officer or employee of the [IRS] recklessly or intentionally disregard[ed] any provision of the [Code]." 26 U.S.C. § 7433. Because plaintiffs have failed to state a claim upon which relief can be granted, this Court

should dismiss this case.

<u>Plaintiffs' Request for Injunction Is Barred by the Anti-Injunction Act</u>

It appears plaintiffs seek an order enjoining the Internal Revenue Service from engaging in any further collection activities. (Comp., Remedy Sought ¶ 4). Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). The Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the patent purpose of plaintiff's claim. <u>See</u> 26 U.S.C. § 7421(a). Thus, the Act precludes this Court from exercising jurisdiction over any action, such as this one, which seeks to enjoin the collection of taxes. <u>See</u> <u>Foodservice & Lodging Institute, Inc. v. Reagan</u>, 809 F.2d 842, 844-45 (D.C. Cir. 1987); <u>American Federation of Gov't Employees, AFL-CIO v. United States</u>, 660 F. Supp. 12, 13 (D.D.C. 1987).

Although the Supreme Court has recognized a narrow, judicial exception to § 7421, the exception is inapplicable to the present case. In <u>Enochs v. Williams Packing & Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-Injunction Act would not apply (1) if, when the facts and law are examined in the light most favorable to the government, under no circumstances could the government prevail, and (2) equity jurisdiction otherwise existed. <u>See</u> <u>Flynn v. United States</u>, 786 F.2d 586, 589 (3d Cir. 1986). The burden is on the plaintiffs to demonstrate that their suit falls within the purview of the judicially-created exception to the Anti-Injunction Act. <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970).

Plaintiffs cannot demonstrate that under the circumstances of this case, the government could never prevail. Plaintiffs fail to identify the dates of any alleged "wrongful" collection, any specifics as to any alleged wrongdoing by the Internal Revenue Service, or other facts which identify wrongdoing and their entitlement to relief. Primarily they merely express their dissatisfaction that the Internal Revenue Service is attempting to collect their unpaid taxes.

As for the second prong, plaintiffs have failed to demonstrate the existence of equitable jurisdiction. Plaintiffs must show that there is irreparable injury and inadequacy of legal remedies. See Foodservice & Lodging Institute, 809 F.2d at 844-45; Flynn , 766 F.2d at 598. In certain situations, plaintiffs can temporarily forestall collection — which is the ultimate relief they request — by requesting a "collection due process hearing" with the Internal Revenue Service. See 26 U.S.C. § 6330. Moreover, they can fully pay the taxes and then file a claim for refund. Because the Internal Revenue Code provides administrative procedures by which they can obtain relief, there is no equitable jurisdiction. Accordingly, the second prong of the Enochs test fails.

In sum, this Court lacks jurisdiction over plaintiffs' request for injunctive relief because such relief is barred by the Anti-Injunction Act. Plaintiffs have not established the extraordinary circumstances that may justify issuing an injunction under the judicial exception. Thus, the Court should dismiss this case.

<u>This Court Lacks Subject-Matter Jurisdiction over Plaintiffs Claim under Section 7214 of the Internal Revenue Code.</u>

Finally, the Court lacks jurisdiction over plaintiffs' claim pursuant to 26 U.S.C. §

7214(a)(3). Plaintiffs assert that the allegations of the complaint support a separate cause of action pursuant to section 7214(a)(3), relating to the failure of officers or employees of the Internal Revenue Service to perform the duties of their office or employment. (Comp. Part VI). Section 7214 (a) provides for dismissal from office and criminal penalties upon conviction and a fine of not more than $10,000.00 or imprisonment for up to five years, or both. However, section 7214 provides no private cause of action to plaintiff. See United States v. Little, 753 F.2d 1420, 1437 (9th Cir. 1985); United States v. Hill, 2006-1 U.S.T.C. ¶ 50,252 (D. Ariz. 2005). Further, the United States has not waived its sovereign immunity to permit plaintiffs to invoke the Court's jurisdiction under section 7214. See Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990). Accordingly, this cause of action should be dismissed.

## CONCLUSION

This Court does not have subject-matter jurisdiction over plaintiffs' claim for damages because plaintiffs have failed to prove that he filed an administrative claim for damages. Plaintiffs have failed to state a claim for damages. Likewise, the Anti-Injunction Act prohibits an injunction against the further collection of plaintiffs' taxes. For all these reasons, the Court should dismiss this action.

DATED: March 15, 2007

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
Phone/Fax: (202) 307-6585/514-6866
Email: Beatriz T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM DENNIS GOODWIN, )<br>LINDA LEE GOODWIN, )<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>      Defendant. ) | Case No. 1:06CV01771 |

## ORDER

Having considered the UNITED STATES' MOTION TO DISMISS, the supporting memorandum of points and authorities, any opposition and reply thereto, and the entire record of this proceeding, it is by the Court

ORDERED that the motion is GRANTED;

ORDERED that this action be, and is, DISMISSED; and it is further

ORDERED that the Clerk shall distribute copies of this order to the persons listed below.

SO ORDERED this _____ day of _____ 2007.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 227
Washington, DC  20044

WILLIAM DENNIS GOODWIN
LINDA LEE GOODWIN
Route 2 Box 48-1
Mansfield, Missouri 65704

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM DENNIS GOODWIN, )<br>LINDA LEE GOODWIN,          )<br>         Plaintiffs,          )<br>                              )<br>   v.                         )<br>                              )<br>UNITED STATES,                )<br>                              )<br>         Defendant.           ) | Case No. 1:06CV01771 |

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were served upon the following individual(s) on March 15, 2007, by sending a copy by First Class mail, postage prepaid, addressed as follows:

>William Dennis Goodwin
>Linda Lee Goodwin
>Route 2 Box 48-1
>Mansfield, Missouri 65704

>/s/ Beatriz T. Saiz
>BEATRIZ T. SAIZ