IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM DENNIS GOODWIN, )<br>LINDA LEE GOODWIN,        )<br>           Plaintiffs,            )<br>                                          )<br>v.                                      )<br>                                          )<br>UNITED STATES,                )<br>                                          )<br>           Defendant.          ) | Case No. 1:06CV01771 |

**UNITED STATES' REPLY TO PLAINTIFFS'
OPPOSITION TO MOTION TO DISMISS**

This is a civil action in which plaintiffs seek damages for alleged "wrongful collection" of federal taxes, replevin, and an order "enjoining defendant's principals, officers, agents, and/or employees from further acting in disregard of law or regulation."

STATEMENT

The United States moved to dismiss asserting that the complaint should be dismissed because plaintiffs failed to assert that they filed an administrative claim for damages prior to filing suit. Plaintiffs opposed the motion asserting (1) that exhaustion of administrative remedies is not a jurisdictional prerequisite and he states a claim for which relief can be granted; and (2) that the regulation pertaining to administrative claim for damages is invalid or an unreasonable interpretation. (Pl. Opp. generally.) Plaintiffs also argued that the Court has jurisdiction to consider a cause of action for replevin against the United States. These reasons are insufficient to defeat the United

States' motion to dismiss.

First, regardless of whether a failure to exhaust administrative remedies is a jurisdictional issue or an element of the claim, plaintiff fails to assert that he filed an administrative claim for damages. Because plaintiff failed to do so, the complaint should be dismissed. See, e.g., Davenport v. United States, 450 F. Supp.2d 96, 97 n.1 (D.D.C. 2006); Holt v. Davidson, 441 F. Supp.2d 92, 96 (D.D.C. 2006) (Urbina); Turner v. United States, 429 F. Supp.2d 149 (D.D.C. 2006); Ross v. United States, 2006 WL 3250831 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp.2d 125 (D.D.C. 2004).

Second, the regulation is valid. Because plaintiff has not shown any attempt to comply with 26 U.S.C. § 7433's requirement to exhaust administrative remedies, his claim of regulatory invalidity is not ripe for adjudication.

Even if it is ripe for adjudication, the regulation is valid. See Evans v. United States, 433 F. Supp.2d 17 (D.D.C. 2006); Lohmann v. United States, 2006 WL 1826770 (D.D.C. 2006); Broward v. United States, 2006 WL 1827733 (D.D.C. 2006); Ting v. United States, 2006 WL 1774516 (D.D.C. 2006); Rippl v. United States, 2006 WL 2024966 (D.D.C. 2006). Chevron provides the analytical framework for considering the validity of this regulation. Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. Id. at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible

readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial proceeding. See id. at 843, n.11; Nichols v. United States, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. Chevron, 467 U.S. at 865-66; see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services, 125 S. Ct. 2688, 2699 (2005).

Under Chevron's two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." Chevron, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a court should ordinarily defer to the regulation if it implements the congressional mandate in some reasonable manner. National Muffler Dealers Ass'n v. United States, 440 U.S. 472, 476 (1979) (quoting United States v. Correll, 389 U.S. 299, 307 (1967)); Boulez v. Comm'r, 810 F.2d 209 (1987); Debt Buyers Ass'n v. Snow, 2006 WL 598143, * 9 (D.D.C. 2006) (Kollar-Kotelly). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose.

National Muffler Dealers Ass'n, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies. See, e.g., Venen v. United States, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court. See also H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in Chevron.

The regulation provides a straightforward and simple administrative procedure

that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e). Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages. From this information, the Service may investigate a taxpayer's claims and make an informed determination. By requiring a taxpayer to wait six months after filing an administrative claim before filing an action in district court, the IRS is provided time to gather evidence and consider, and perhaps settle, the claim before litigation.1/ Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress's mandate to create an administrative scheme to allow informal consideration of section

---

1/ The section also includes an exception. If an administrative claim is filed within the last six months of the two year period of limitations, the taxpayer may file an action in court immediately after filing his administrative claim.

7433 claims prior to invoking judicial review.  The regulation is plainly valid.

Finally, plaintiffs' argument that the Court has jurisdiction over their replevin cause of action should be summarily rejected.  Several courts in this district agree that the court lacks subject matter jurisdiction over a replevin claim against the United States.  McReynolds v. United States, 2007 WL 52188, at *5 n.4 (D.D.C. Feb. 14, 2007); Ross v. United States, 460 F. Supp.2d 139, 145 (D.D.C. 2006); Lykens v. United States, 2006 WL 3408188, at *6 n.6 (D.D.C. Nov. 27, 2006).

## CONCLUSION

For the reasons above and those asserted in the United States' motion to dismiss, plaintiff's complaint should be dismissed.

DATE: April 25, 2007

Respectfully submitted,

/s/ Beatriz T. Saiz
BEATRIZ T. SAIZ
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6585/514-6866
Email: Beatriz.T.Saiz@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS was caused to be served upon plaintiffs *pro se* on the 25th day of April, 2007, by depositing a copy in the United States mail, postage prepaid, addressed as follows:

>William Dennis Goodwin
>Linda Lee Goodwin
>Route 2 Box 48-1
>Mansfield, Missouri 65704

>/s/ Beatriz T. Saiz
>BEATRIZ T. SAIZ