UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUN 4 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WILLIAM DENNIS GOODWIN & )
LINDA LEE GOODWIN, )
                                                       )
            Plaintiffs, )
                                                       ) Civil Case No. 06-1771 (RJL)
      v. )
                                                       )
UNITED STATES, )
                                                       )
            Defendant. )

## MEMORANDUM OPINION
(May 31, 2007) [#6]

Plaintiffs William Dennis Goodwin and Linda Lee Goodwin, proceeding *pro se*, filed the instant action against the United States alleging misconduct by the Internal Revenue Service ("IRS") in the collection of taxes. Plaintiffs seek a refund of all taxes paid, damages "in an amount equal to the fine imposed," and an injunction against the IRS. (Compl. p. 18-19.) Before the Court is defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. For the reasons set forth below, the Court GRANTS defendant's motion to dismiss.

## ANALYSIS

Plaintiffs' complaint is one of many nearly identical, boilerplate complaints filed in our Court by *pro se* plaintiffs under the Taxpayers Bill of Rights ("TBOR"), 26 U.S.C. § 7433, which provides a cause of action, and a waiver of sovereign immunity, for alleged misconduct by the IRS. Although § 7433 allows for the award of damages, a taxpayer may

not bring suit in federal court until all available administrative remedies have been exhausted. 26 U.S.C. § 7433(d)(1).

Under IRS regulations, a taxpayer alleging misconduct must file an administrative claim prior to filing suit or the suit must be dismissed. 26 C.F.R. § 301.7433-1; *see, e.g., Davenport v. United States*, 450 F. Supp. 2d 96, 97 n.1 (D.D.C. 2006); *Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006); *Turner v. United States*, 429 F. Supp.2d 149, 153-55 (D.D.C. 2006); *Ross v. United States*, 460 F. Supp. 2d 139, 152-53 (D.D.C. 2006). Specifically, the taxpayer must submit his claim, in writing, "to the Area Director . . . of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1). The claim must include, *inter alia,* the grounds for the claim, a description of the injuries, and the dollar amount of damages sought. 26 C.F.R. § 301.7433-1(e)(2)(ii-iv). A taxpayer may not file suit until the IRS has issued a decision or failed to act on the claim within six months of the date of filing. 26 C.F.R. § 301.7433-1(d).

Plaintiffs implicitly concede that they have not exhausted their administrative remedies, but argue that they are not required to exhaust their administrative remedies because the regulation that requires exhaustion, 26 C.F.R. § 301.7433-1, is an invalid, unreasonable interpretation of the statute. (Pls.' Opp. at 11-13.) Because plaintiffs have not even attempted to comply with the regulation, their claim that the regulation is invalid is not ripe.

Moreover, even if the issue were ripe, this Court would find that the regulation at issue is valid. *Chevron* requires the Court to defer to the agency's reasonable interpretation of the statute, *Chevron, U.S.A. v. Natural Res. Defense Counsel, Inc.*, 476 U.S. 837 (1984),[1] which this Court will do. *See, e.g.*, *Evans v. United States*, 433 F. Supp. 2d 17, 21-22 (D.D.C. 2006). Therefore, as plaintiffs have failed to exhaust their administrative remedies, a mandatory prerequisite to suit, the Court must dismiss plaintiffs' claim for damages under Section 7433.

Plaintiffs also seek "replevin of any and all property taken from Plaintiff(s)." (Compl. p. 18.) Plaintiffs' replevin claim is essentially a claim for a refund of taxes paid. *See, e.g., Ross*, 460 F. Supp. 2d at 153-54. A refund action cannot be maintained, however, unless the taxpayer has already paid the taxes assessed and filed a claim for a refund. 26 U.S.C. § 7422(a); *Flora v. United States*, 362 U.S. 145 (1960); *McReynolds v. United States*, No. 06-0924, 2007 WL 521889, at *5 n.4 (D.D.C. Feb. 14, 2007); *Ross*, 460 F. Supp. 2d at 152-53; *Lykens v. United States*, No. 06-1226, 2006 WL 3408188, at *6 n.6 (D.D.C. Nov. 27, 2006). As plaintiffs have failed to allege that they paid the taxes assessed by the IRS, their claim for a refund cannot be maintained in this Court.

---

[1] The statute at issue specifically requires the IRS to create an administrative scheme in order to allow individuals to resolve administratively claims for damages caused by an unauthorized collection action. 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.").

The Court also denies plaintiffs' request for injunctive relief. The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." The purpose of the Anti-Injunction Act is to afford the Internal Revenue Service the right to prompt collection of taxes without judicial intervention "by requiring that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). The United States Supreme Court has held that federal courts may only grant injunctive relief where: (a) "it is clear that under no circumstances could the Government ultimately prevail" and (b) "if equity jurisdiction otherwise exists." *Commissioner v. Shapiro*, 424 U.S. 614, 627 (1976) (quoting *Enochs*, 370 U.S. at 7). Unless both prongs of this test are satisfied, a suit for injunctive relief must be dismissed. *See Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758 (1974). The burden is on the taxpayer to demonstrate that their suit falls within the judicially-created exceptions to the Anti-Injunction Act. *Cooper v. United States*, No. 05-1192, 2005 WL 3462281, at *1 (D.D.C. Nov. 3, 2005) (citing *Alexander*, 416 U.S. at 758).

Here, plaintiffs have not satisfied either prong of the Supreme Court's test. First, the boilerplate allegations in their complaint lack any specificity or "personalization" that would lend support to the notion that, "under no circumstances could the Government ultimately prevail." *Enochs*, 370 U.S. at 7. Indeed, the general allegations plaintiffs make are

unsubstantiated by actual evidence of governmental wrongdoing as to these plaintiffs in particular. Thus, the Court has no reason to believe that the government would be unable to ultimately prevail on the merits. Second, plaintiffs have failed to set forth any reason why this Court should exercise equity jurisdiction over their remaining claims. Accordingly, being unable to satisfy the two-prong *Enochs* test, plaintiffs' prayer for injunctive relief must also be dismissed.

Finally, the Court finds that it lacks jurisdiction over plaintiffs' claim under 26 U.S.C. § 7214(a)(3), relating to the failure of officers or employees of the Internal Revenue Service to perform the duties of their office or employment. Section 7214 provides no private cause of action to plaintiff. *See United States v. Little*, 753 F.2d 1420, 1437 (9th Cir. 1985); *United States v. Hill*, No. 05-877, 2005 WL 3536118, at *9 (D. Ariz. Dec. 22, 2005). Moreover, the United States has not waived its sovereign immunity to permit plaintiffs to invoke the Court's jurisdiction under section 7214. *See Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990).

**CONCLUSION**

For all of the reasons noted above, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claim and must, therefore, GRANT defendant's motion to dismiss. An appropriate Order will issue with this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge
